UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 11-43531-MSH |
| JOAN GERVAIS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**MEMORANDUM OF DECISION REGARDING PROCEEDS OF RULE 9019 COMPROMISE**

Anne J. White, the chapter 7 trustee of the estate of Joan Gervais, the debtor in this case, and Ms. Gervais's prepetition divorce counsel, Kimberlie J. Sweet, are parties to a court-approved compromise pursuant to Fed. R. Bankr. P. 9019. Their dispute was over who had the superior claim to $15,377.02 representing Ms. Gervais's share of proceeds from the sale of real estate. Ms. Sweet claimed a right in the proceeds by virtue of her pre-bankruptcy attachment of the real estate to secure her claim for unpaid legal fees owed to her by Ms. Gervais. The trustee claimed that the funds were property of Ms. Gervais's bankruptcy estate. Through the compromise, the trustee and Ms. Sweet agreed that the bankruptcy estate would receive $5,000 of the proceeds and Ms. Sweet would keep the balance. I approved the compromise by order of July 31, 2014. At issue now is whether the $5,000 in settlement proceeds should be paid to Ms. White for the benefit of Ms. Gervais's creditors, as the settlement provides, or to Ms. Gervais, who asserts an undisputed exemption claim in the funds. For the reasons which follow, I conclude that the settlement proceeds are exempt property that must be paid to Ms. Gervais.

1

I. Facts

Ms. Gervais filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (which is title 11 of the United States Code) on August 20, 2011. On schedule B of the schedules of assets and liabilities accompanying her petition, she listed among her personal property "proceeds from sale of marital home August 18, 2011" in the amount of $14,927.02. On schedule C she claimed a $14,927.02 exemption in those proceeds based on § 522(d)(1) of the Bankruptcy Code. In the statement of financial affairs also accompanying her bankruptcy petition, Ms. Gervais noted that Ms. Sweet's firm was in possession of the $14,927.02 in home sale proceeds.

On May 10, 2013, Ms. Gervais received her discharge under § 727 of the Bankruptcy Code. On November 8, 2013, Ms. Sweet petitioned the court seeking instructions as to the disposition of Ms. Gervais's home sale proceeds which were being held by her law firm. According to Ms. Sweet, her firm was holding Ms. Gervais's portion of the net home sale proceeds in the amount of $15,377.02 based on a writ of attachment of the real estate issued by a state court in a lawsuit brought by Ms. Sweet's firm against Ms. Gervais for $25,727.76 in unpaid prepetition legal fees. Ms. Sweet also claimed that her firm held a statutory attorney's lien in the sale proceeds. Ms. Gervais filed a response to Ms. Sweet's petition for instructions asserting that the real estate attachment obtained by Ms. Sweet's law firm had been released. Ms. Gervais did not address Ms. Sweet's claim of entitlement to the sale proceeds by virtue of a statutory attorney's lien. A hearing on Ms. Sweet's petition for instructions was held on January 9, 2014, and the motion was continued generally to enable Ms. Sweet and Ms. White to explore a possible resolution.

2

On July 1, 2014, Ms. White filed her motion to compromise with Ms. Sweet. Ms. Gervais opposed the compromise, again attacking the validity of Ms. Sweet's attachment. After a hearing, I concluded that the proposed compromise was a reasonable exercise of Ms. White's business judgment as to the likelihood of her prevailing in an attempt to recover the home sale proceeds from Ms. Sweet in light of Ms. Sweet's attorney's lien claim under Mass. Gen. Laws ch. 221, § 50.[1] I approved the compromise over Ms. Gervais's objection, leaving open for further briefing the question of whether, due to her § 522(d)(1) exemption claim in the sale proceeds, Ms. Gervais would be entitled to receive the $5,000 to be paid by Ms. Sweet to the trustee. The parties having submitted their memoranda, this matter is now ripe for a determination.

II.   Positions of the Parties

Ms. Gervais argues that the settlement funds should be paid to her because Ms. White did not object timely to her § 522(d)(1) exemption claim in the home sale proceeds, the source of the settlement funds.[2] Ms. White responds that the $5,000 payment is not subject to Ms. Gervais's § 522(d)(1) exemption claim. She characterizes the $5,000 payment as a "carve-out" from funds which were subject to Ms. Sweet's security interest, concluding that Ms. Gervais's § 522(d)(1)

---

[1] The Massachusetts statute provides, in relevant part, that "[f]rom the authorized commencement of an action . . . in any court, . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses . . . upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom." Mass. Gen. Laws ch. 221, § 50.

[2] Ms. Gervais also requests an order confirming that the discharge granted to her on May 10, 2013 remains in effect, presumably to confirm that she no longer has any personal liability to Ms. Sweet for unpaid legal fees. As there has been no motion to revoke Ms. Gervais's discharge, there is no need to confirm its continued viability.

3

exemption claim would not apply to those funds. Ms. White asserts that I need never reach the question of whether Ms. Gervais's § 522(d)(1) exemption claim in the sale proceeds is valid or whether Ms. White should have objected to that exemption claim. According to Ms. White, even if the exemption claim is valid, it doesn't apply to the settlement proceeds.

III. Discussion

By characterizing the $5,000 settlement proceeds as a "carve-out," Ms. White is attempting to transform them from their original status as a portion of the home sale proceeds subject to Ms. Gervais's § 522(d)(1) exemption claim into something entirely different. A carve-out is bankruptcy jargon and "is generally understood to be an agreement by a party secured by all or some of the assets of the estate to allow some portion of its lien proceeds to be paid to others, i.e., to carve out of its lien petition." *Costa v. Robotic Vision Sys., Inc.*, 367 B.R. 232, 237 (B.A.P. 1st Cir. 2007) (quoting *In re U.S. Flow Corp.*, 332 B.R. 792, 796 (W.D. Mich. 2005) (internal quotations omitted). Here Ms. White maintains that by virtue of the settlement with Ms. Sweet, the entire amount of $15,377.02 belonged to Ms. Sweet, who then earmarked $5,000 to settle Ms. White's claim to the funds.

While it is possible that a settlement between Ms. White and Ms. Sweet could have been structured along the lines advanced by Ms. White, the one they actually entered into was not. There has never been a determination by the court that Ms. Sweet held a valid secured claim in the home sale proceeds, only that she asserted such a claim which Ms. White disputed. Ms. White made clear in her motion to approve the compromise that she was pursuing a settlement "to avoid the additional time, expense and uncertainty of further negotiations and litigation" as "[t]he estate's claims against the [p]roceeds are uncertain in light of the prepetition attachment

4

and disposition of the underlying asset." The trustee, using her reasonable business judgment, chose to enter into a settlement agreement in lieu of seeking a ruling regarding Ms. Sweet's secured status. As a result, contrary to Ms. White's assertion, I have not concluded that Ms. Sweet has a security interest in the home sale proceeds—by virtue of an attorney's lien, writ of attachment, or otherwise. Without such a determination, Ms. White's argument that Ms. Sweet is a secured creditor agreeing to a carve-out payment from non-estate assets fails.

Having concluded that the character of the home sale proceeds was not altered as a result of the settlement, I must examine on the merits the validity of Ms. Gervais's § 522(d)(1) exemption claim and the impact of the trustee's failure to object to that exemption claim.

"When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the estate." *Schwab v. Reilly*, 560 U.S. 770, 774 (2010); *see* 11 U.S.C. § 541. Section 522 of the Bankruptcy Code allows a debtor to exclude certain assets from the bankruptcy estate by listing them as exempt. *See also* Fed. R. Bankr. P. 4003(a). "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11. U.S.C. § 522(l). Pursuant to Fed. R. Bankr. P. 4003(b)(1), a party in interest who disputes the debtor's exemption claims must generally file an objection "within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."

If an objection is not filed in time, an interested party "cannot contest the exemption . . . whether or not [the debtor] had a colorable statutory basis for claiming it." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992); *see also Schwab*, 560 U.S. at 775–76 ("If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property

5

from the estate even if the exemption's value exceeds what the Code permits."); *In re Soares*, 471 B.R. 20, 27 (Bankr. D. Mass 2012) ("The Supreme Court [in *Taylor*] rejected the trustee's argument that § 522(l) requires debtors to file claims for exemptions in good faith."). A trustee must therefore object timely to a facially invalid exemption claim—one that is objectionable based on "(1) the description of the exempted property; (2) the Code provisions governing the claimed exemptions; [or] (3) the amount listed in the column titled value of claimed exemption." *In re Messina*, 687 F.3d 74, 80 (3d Cir. 2012) (internal citations omitted); *see Schwab*, 560 U.S. at 785; *Massey v. Pappalardo (In re Massey)*, 465 B.R. 720, 726 (B.A.P. 1st Cir. 2012). If the trustee does not object in time, an invalid exemption claim will stand. *See Bone v. Taco Bell of Am., LLC*, 956 F. Supp. 2d 872, 878 (W.D. Tenn. 2013) (holding that a chapter 7 debtor who claimed an invalid exemption in a cause of action had standing to pursue that litigation, because the cause of action was excluded from the bankruptcy estate after no party in interest objected timely to the exemption); *Trumble v. Burke (In re Miller)*, 04-3365, 2013 Bankr. LEXIS 2979, at *23–25 (Bankr. N.D.W. Va. July 21, 2013) (holding that a debtor's "technically incorrect" exemption in a wrongful death claim based on West Virginia's homestead exemption "stands as claimed" because the trustee did not object to the exemption in time). *But cf. In re Dougan*, 484 B.R. 529, 531 (Bankr. D. Mass. 2013) (explaining that the court did "not read either [*Taylor*] or [*Schwab*] to prohibit its review of a claimed exemption . . . after the expiration of the objection deadline" but in the context of evaluating a motion to avoid a judicial lien after a Massachusetts statute providing an exemption claimed by the debtors had been amended to no longer expressly extend to the property at issue).

6

When Ms. Gervais filed schedule C accompanying her chapter 7 petition, she put the trustee and all interested parties on notice that she was (1) claiming an exemption in "proceeds from sale of marital home August 18, 2011," (2) basing that exemption on § 522(d)(1) of the Bankruptcy Code and (3) valuing her exemption at $14,927.02. Ms. White contends that this claimed exemption has no basis, arguing that the plain language of § 522(d)(1), which exempts in Ms. Gervais's case "[t]he debtor's aggregate interest, not to exceed $21,625 in value, in real property . . . that the debtor uses as a residence," does not apply to proceeds from the prepetition sale of such property. Case law supports this conclusion. *See In re Lawrence*, 469 B.R. 140, 142 (Bankr. D. Mass. 2012) (explaining that, because § 522(d)(1) requires that the debtor "use" the residence, such usage must "at least exist as of the petition date"); *In re Boward*, 334 B.R. 350, 351–52 (Bankr. D. Mass. 2005) (holding that a debtor's § 522(d)(1) exemption was invalid when the debtor exempted proceeds from the pre-petition sale of the debtor's marital home which were paid to a judgment creditor with an attachment on the debtor's interest in the home); *In re Healy*, 100 B.R. 443, 445 (Bankr. W.D. Wis. 1989) (holding that debtors could not exempt under § 522(d)(1) proceeds from the prepetition sale of their home). But it is too late for the trustee to assert § 522(d)(1)'s inapplicability to the home sale proceeds. Ms. Gervais's schedule C put the trustee on notice of a basis upon which she could file an objection; the trustee simply chose not to. *See In re Luckham*, 464 B.R. 67, 73 (Bankr. D. Mass. 2012) ("At its core, *Schwab* was not about the validity of any particular exemption claim, but about *notice* to interested parties as to what exemption in particular property the debtor had actually claimed, and, consequently, whether it constituted a claim of exemption to which an interested party must object.") (italics in original) (internal citations and quotations omitted) Because Ms. White failed to object to Ms.

7

Gervais's § 522(d)(1) exemption claim in the home sale proceeds, Ms. Gervais is entitled to the $5,000 settlement payment.

IV.    Conclusion

For the reasons discussed above, Ms. Gervais has an exemption in and is entitled to the $5,000 payment to be made under the terms of the settlement. A separate order shall issue.

Dated: January 7, 2015

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:    Raymond T. Weicker
Qua, Hall, Harvey & Walsh
Chelmsford, MA
for the debtor

Alex F. Mattera
Demeo, LLP
Boston, MA
for the chapter 7 trustee